**James R. PARKER for C. Elaine PARKER**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

**Civ. A. No. 82–3633.**

United States District Court, E.D. Pennsylvania.

Nov. 24, 1982.

Dianne Upson, West Chester, Pa., for plaintiff.

Serena H. Dobson, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This case concerns the entitlement of benefits under the Social Security Act. The issue is whether the claimant, a minor child 13 years of age, who is away at school and comes home on weekends and lengthy holidays, is subject to parental control so as to deem parental income and resources to the child for the purpose of determining her eligibility for supplemental security income under the Social Security Act, 42 U.S.C. § 1381 *et seq.* (Act). This Court holds that such a child is not subject to parental control, that the parents' income and resources are not deemed to the child, and that the child is eligible for benefits under the Act.

On July 1, 1976, plaintiff, James Parker, filed an application for supplemental security income on behalf of his daughter who is the claimant, Elaine Parker. Benefits were awarded and were continually received for several years on the basis of her disability, specifically mental retardation. In May 1981, benefits ceased to be awarded following a redetermination interview on the basis of the claimant fitting the definition of "student" since she came home on weekends and holidays. This resulted in her parents' income and resources being deemed to her, therefore, making her ineligible for supplemental security income. The plaintiff received notice of this ineligibility in addition to a letter indicating that the claimant had been overpaid. The plaintiff then requested a hearing.

On February 23, 1982, the Administrative Law Judge (ALJ) decided that the claimant was eligible for supplemental security income and that her parents' income and resources were not deemable to her. The ALJ based this decision on the determination that claimant was not a "student" as defined in Section 416.1061(a) (recently revised to Section 416.1861(a)) of the Social Security Administration Regulation No. 16 (Regulations), was not subject to parental control, and resided at school.

On April 23, 1982, the Appeals Council reversed the decision of the ALJ and decided that the parents' income and resources was deemable to the claimant and that she was ineligible for benefits. This decision was based on the determination that claimant was a "child" as defined in Section 416.1856 of the Regulations, was subject to parental control, and was "temporarily absent" from her parents' household to attend school. This reversal by the Appeals Council was the final decision of the defendant Secretary.

This Court finds that the Appeals Council was correct in finding that the claimant was a "child." Section 416.1856 of the Regulations provides that an individual is considered a "child" when the following requirements are met:

(a)(1) he is under age 18; or

(2) he is under age 22 and he is a student...;

(b) he is not married; and

(c) he is not the head of a household.

In the case *sub judice*, the claimant being 13 years of age meets the requirements.

However, this Court reverses the Appeals Council on its finding that the claimant is "temporarily absent" from her parents' household and their income is deemed to her. Section 416.1167(2) of the Regulations provides the following:

(2) If you are an eligible child who is away at school but comes home on some weekends or lengthy holidays and if you are subject to the control of your parents, we consider you temporarily absent from your parents' household. However, if you are not subject to parental control, we do not consider your absence temporary and we do not deem parental income to you. Being subject to parental control affects whether income is deemed to you only if you are away at school.

Guidance as to the interpretation of "parental control" within this section is provided in the Commerce Clearing House volumes, which a Committee of the American Bar Association and a Committee of Publishers and Associations states are "to provide accurate and authoritative information in regard to the subject matter covered," i.e., regulations regarding social security. Paragraph 12,315 provides the following:

To be exercising "parental control and responsibility" the claimant must (1) display a strong interest in the proper rearing of the child; (2) supervise the child's activities; (3) participate in the important decisions about the child's physical needs and mental development; and (4) measurably control the child's upbringing and development. This parental responsibility can be exercised directly, as when the parent and child are living together, or indirectly, by instructing the child's custodian (whether individual or institution) and insuring that the instructions are carried out. In any case the parent must be doing more than just providing for the child's food and shelter.

The ALJ found that claimant was not subject to parental control. This Court supports such a finding. It is the school which displays a strong interest in the proper rearing of claimant, supervises her activities, as well as makes important decisions concerning her needs and development. She is a continuous resident at this school and not at her parents' home.

Because claimant is not under parental control, her parents' income and resources are not deemable to her. Therefore, claimant is eligible for supplemental security income.