Todd **SCHONGUT**, **A Minor by his parent and next friend, Barbara DeSILVA, Plaintiffs,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES, Defendant.**

**No. CV 84–0591.**

United States District Court,
E.D. New York.

Sept. 21, 1984.

Adele Shapiro, Mineola, N.Y., for plaintiffs.

Raymond J. Dearie, U.S. Atty. by William Peterson, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

WEXLER, District Judge.

This is an action brought under 42 U.S.C. Section 405(g) to review defendant's determination which terminated plaintiff's Supplemental Security Income benefits on the ground that plaintiff is a member of his mother's household and that his mother's income should therefore be deemed income to plaintiff for the purpose of determining plaintiff's continuing eligibility for Supplemental Security Income benefits.

Plaintiff, a retarded 15-year-old boy, spends most of the year at the Devereux Foundation, a residential institution. Plaintiff comes to his mother's home twice a year for no more than one week at a time. The room at his mother's home he formerly occupied is now used as a spare room, except during his visits. Plaintiff does not keep clothes at his mother's home.

In *DeLeon v. Heckler*, 734 F.2d 930 (2d Cir.1984) it was held that a claimant who has once been found disabled cannot be terminated in the absence of substantial evidence that his condition has improved or that the original decision was erroneous. Analogously, a claimant who has once been found not to be a member of his mother's household for purposes of evaluating his eligibility for Supplemental Security Income, should be presumed to continue not being a member of his mother's household in the absence of substantial new evidence to the contrary. In the instant case, there is no evidence to suggest that plaintiff's connection to his mother's household suddenly became stronger. Plaintiff's status has been reviewed annually since benefits were originally awarded in 1979. The current applicable regulation, 20 C.F.R. 416.-1167(a), was promulgated October 3, 1980,

20 C.F.R. Part 416, Subpart K, yet defendant did not terminate plaintiff's benefits until 1982. Consequently, we find that defendant's determination was not supported by substantial evidence.

Even leaving aside the aforementioned presumption, we would in any event conclude that defendant's determination was not supported by substantial evidence. Under 20 C.F.R. Section 416.1167(a)(2), "[i]f you are an eligible child who is away at school but comes home on some weekends or lengthy holidays and if you are subject to the control of your parents, we consider you temporarily absent from your parents' household." In the instant case, plaintiff certainly did not come home for lengthy holidays. While plaintiff did return twice a year for a total of fourteen days annually, and while it might therefore appear that plaintiff literally returned home "on some weekends", we believe that the intent of 20 C.F.R. Section 416.1167(a)(2) is to require that the child return home for a substantial amount of time in order to be considered a member of his parent's household, and that in the instant case plaintiff did not return home for a substantial period of time during the year. More importantly, there is no reason to believe that plaintiff will ever return to his mother's household on a permanent basis. Evidence indicates that plaintiff is difficult to manage even at the residential treatment facility. It is therefore unlikely that he will ever return home on a permanent basis. According to the Supplemental Security Income office manual, Section 00850.001 E2, a child's returning home for holidays or weekends is significant because it provides evidence of whether the child will resume living at home. Where, as here, it is probable that the child will *never* return home on a permanent basis, due to the child's condition, the fact that the child returns home occasionally is of little significance. Any other interpretation of 20 C.F.R. Section 416.1167(a)(2) would conflict with 42 U.S.C. Section 1382c(f)(2), which provides that a parent's income is deemed income of the child when the parent is living in the same household

as the child. While it is of course entirely proper for the Secretary to establish regulations concerning the status of schoolchildren, a regulation interpreted as treating a child who is unlikely *ever* to return home on a permanent basis (due to the child's condition) as a member of his parent's household would defeat the purpose of 42 U.S.C. Section 1382c(f)(2).

Although defendant relies upon Social Security Ruling 82–11, that ruling is not on point because the child in that case returned home for a substantial period of time, and was far more advanced intellectually than the instant plaintiff.

We need not discuss the issue of whether plaintiff is under his mother's control, *see Parker v. Schweiker,* 551 F.Supp. 954 (E.D. Pa.1982), as parental control is only *one* of the elements required under 20 C.F.R. Section 416.1167(a)(2) to treat a child as a member of his parent's household.

The Clerk shall enter judgment in favor of the plaintiff and against the defendant, reversing the Secretary's determination, and directing the Secretary to restore plaintiff's benefits.

SO ORDERED.